[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 20, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13285
Non-Argument Calendar

_____

D. C. Docket No. 07-00702-CV-TCB-1

GLEN S. MATTHEWS,

Plaintiff-Appellant,

versus

STEPHEN PALTE,
GONZALEZ,
JOHN DOE, I,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 20, 2008)**

Before ANDERSON, HULL and PRYOR, Circuit Judges.

PER CURIAM:

Glenn Matthews, a federal prisoner, appeals <u>pro se</u> the dismissal <u>sua sponte</u> of his complaint that Dr. Stephen Palte, physician's assistant Gonzalez, and an unknown dermatologist violated his civil rights under the Eighth Amendment. 28 U.S.C. § 1915(e)(2)(B)(ii). Matthews argues that he stated a claim that prison officials were deliberately indifferent to his medical needs because they misdiagnosed and mistreated his psoriasis. We affirm.

A district court is required to dismiss a prisoner's complaint against an official if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915A(a), (b)(1). We review <u>de novo</u> a dismissal for failure to state a claim and accept as true the allegations in the complaint. <u>Leal v. Ga. Dep't of Corr.</u>, 254 F.3d 1276, 1278–79 (11th Cir. 2001).

To state a claim of deliberate indifference for medical mistreatment under the Eighth Amendment, an inmate must allege that officials have made an "omission[] sufficiently harmful to evidence deliberate indifference to [the inmate's] serious medical needs." <u>Estelle v. Gamble</u>, 429 U.S. 97, 106, 97 S. Ct. 285, 292 (1976). The inmate "must satisfy both an objective and a subjective inquiry." <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003). Under the objective inquiry, the inmate must allege that he has been diagnosed with or obviously exhibits a serious medical condition that, if not treated, "pos[es] a

2

substantial risk of serious harm," and his treatment was so inadequate that it constituted "an unnecessary and wanton infliction of pain." Id. (quoting Taylor v. Adams, 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks omitted)). Under the subjective inquiry, the inmate must allege that the prison official knew of the risk of harm and deliberately delayed or denied treatment. Id. at 1245.

Even if we assume that psoriasis is a serious medical condition, Matthews's complaint that his condition was misdiagnosed as spider bites and mistreated with steroid creams does not state a claim of deliberate indifference. Matthews's allegations of misdiagnosis and inadequate treatment involve no more than medical negligence. Farrow, 320 F.3d at 1245. Matthews alleges that his condition more recently has been correctly diagnosed by a dermatologist as psoriasis. Matthews also has received regular treatment for his psoriasis, which the exhibits to Matthews's complaint establish is an incurable and chronic condition. The district court did not err when it dismissed Matthew's complaint for failure to state a claim.

The dismissal of Matthews's complaint is **AFFIRMED**.

3